1  BRITNEY N. TORRES, Bar No. 287019
   btorres@littler.com
2  JOHN H. ADAMS, JR., Bar No. 253341
   jhadams@littler.com
3  LITTLER MENDELSON, P.C.
   500 Capitol Mall
4  Suite 2000
   Sacramento, CA  95814
5  Telephone: 916.830.7200
   Facsimile:  916.561.0828
6
   Attorneys for Defendant
7  BOOZ ALLEN HAMILTON, INC.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  JENNIFER PUPA,                    Case No.  2:20-CV-05758-CBM-PJW

12           Plaintiff,               **DEFENDANT BOOZ ALLEN
                                      HAMILTON, INC.'S ANSWER TO
13  v.                                PLAINTIFF JENNIFER PUPA'S
                                      COMPLAINT**
14  BOOZ ALLEN HAMILTON, INC.,

15           Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          Case No.  2:20-CV-05758-CBM-PJW

1  Defendant BOOZ ALLEN HAMILTON, INC. ("Defendant"), in response
2  to the Complaint for Damages ("Complaint") filed by Plaintiff JENNIFER PUPA
3  ("Plaintiff"), hereby answers as follows:

### INTRODUCTION

5  1.  Paragraph 1 of the Complaint is expository and contains no material
6  allegations, and thus no response is required. To the extent a response is permitted,
7  Defendant denies any allegations of wrongdoing.

8  2.  Paragraph 2 of the Complaint is expository and contains no material
9  allegations, and thus no response is required. To the extent a response is permitted,
10  Defendant denies any allegations of wrongdoing.

11  3.  Answering Paragraph 3 of the Complaint, Defendant denies the
12  allegations contained in Paragraph 3.

13  4.  Answering Paragraph 4 of the Complaint, Defendant denies the
14  allegations contained therein.

15  5.  Answering Paragraph 5 of the Complaint, Defendant denies the
16  allegations contained therein.

17  6.  Answering Paragraph 6 of the Complaint, Defendant denies the
18  allegations contained therein.

### JURISDICTION AND VENUE

20  7.  Answering Paragraph 7 of the Complaint, Defendant admits that this
21  Court has jurisdiction over this matter.  As to the remainder of Paragraph 7, the
22  allegations are expository and not material.  To the extent a response to the remainder
23  of Paragraph 7 is permitted, Defendant denies any allegations of wrongdoing.

24  8.  Answering Paragraph 8 of the Complaint, Defendant admits that
25  venue is appropriate in this Court.  As to the remainder of Paragraph 8, the allegations
26  are expository and not material.  To the extent a response to the remainder of Paragraph
27  8 is permitted, Defendant denies any allegations of wrongdoing.

28  ///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          2.          Case No.  2:20-CV-05758-CBM-PJW

9. Answering Paragraph 9 of the Complaint, Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims. As to the remainder of Paragraph 9, the allegations are expository and not material. To the extent a response to the remainder of Paragraph 9 is permitted, Defendant denies any allegations of wrongdoing.

### **CONDITIONS PRECEDENT**

10. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Exhibit A to the Complaint indicates that Plaintiff's Notice of Right to Sue was mailed to Plaintiff on March 31, 2020.

13. Answering Paragraph 13 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

### **PARTIES**

14. Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff has submitted information to it that indicates that she is a citizen of Los Angeles County, California. As to the remainder of Paragraph 14, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT 3. Case No. 2:20-CV-05758-CBM-PJW

17.      Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18.      Answering Paragraph 18 of the Complaint, Defendant admits the allegations contained therein.

19.      Answering Paragraph 19 of the Complaint, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

20.      Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained therein.

21.      Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22.      Answering Paragraph 22 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

23.      Answering Paragraph 23 of the Complaint, Defendant admits that Plaintiff was promoted in 2012 and 2014 but denies the position names alleged by Plaintiff. Except as otherwise admitted or denied, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

24.      Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff was promoted in July 2016. Except as otherwise admitted, Defendant denies the allegations contained therein.

25.      Answering Paragraph 25 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

26.      Answering Paragraph 26 of the Complaint, Defendant admits that Plaintiff's salary level increased multiple times.  As to the remainder of Paragraph 26, Defendant denies the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          4.          Case No.  2:20-CV-05758-CBM-PJW

27.     Answering Paragraph 27 of the Complaint, Defendant admits that Plaintiff received multiple Market Salary Adjustments.  As to the remainder of Paragraph 27, Defendant denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Defendant admits that it uses Market Salary Adjustments ("MSAs") in its business for various purposes. Except as otherwise admitted, Defendant denies the allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, Defendant admits that Plaintiff received multiple MSAs.  As to the remainder of Paragraph 29, Defendant denies the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Defendant admits that Plaintiff and Raena Dhuy both began working for Defendant in 2011.  As to the remainder of Paragraph 31, Defendant denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendant admits that Ms. Dhuy worked with Derrick Burton during her employment with Defendant.  As to the remainder of Paragraph 32, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Defendant admits that it gave Ms. Dhuy a Lack of Work Order as a result of cost cutting and reorganization.  As to the remainder of Paragraph 33, Defendant denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35.     Answering Paragraph 35 of the Complaint, Defendant admits that Plaintiff was aligned with Enterprise Operation Services team.  As to the remainder of Paragraph 35, Defendant denies the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          5.          Case No.  2:20-CV-05758-CBM-PJW

36.      Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37.      Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38.      Answering Paragraph 38 of the Complaint, Defendant admits that Plaintiff received multiple MSAs but that she did not receive an MSA in June or December 2017. As to the remainder of Paragraph 38, Defendant denies the allegations contained therein.

39.      Answering Paragraph 39 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

40.      Answering Paragraph 40 of the Complaint, Defendant admits that Plaintiff has reported that she has obtained a Master's degree in Cybersecurity with a 4.0 GPA.  As to the remainder of Paragraph 40, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

41.      Answering Paragraph 41 of the Complaint, Defendant admits that Plaintiff received a performance review from her manager, goals for the following year, certain requests to perform work, and that Derrick Burton and Don Wells reported to Kevin Winter.  As to the remainder of Paragraph 41, Defendant denies the allegations contained therein.

42.      Answering Paragraph 42 of the Complaint, Defendant admits that Mr. Burton met with Plaintiff in January 2018.  As to the remainder of Paragraph 42, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

43.      Answering Paragraph 43 of the Complaint, Defendant admits that, because it was cutting costs and reorganizing, Plaintiff was issued a Lack of Work letter in January 2018 which stated, in part, "due to a lack of work matching your skillset, we

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          6.          Case No.  2:20-CV-05758-CBM-PJW

are terminating your employment with the firm." As to the remainder of Paragraph 43, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant admits that a Lack of Work letter is a mechanism by which Defendant endeavors to retain its employees despite reorganizations and budgetary constraints whereby the employee is notified of an upcoming position elimination and encouraged to apply for a different position within the firm. As to the remainder of Paragraph 45, Defendant denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendant admits that in response to the Lack of Work letter, Plaintiff applied for and was selected for a position as Cybersecurity Solutions Engineer/Architecture Lead in the client-facing Commercial account in early 2018. As to the remainder of Paragraph 46, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny allegations regarding Plaintiff's thoughts and beliefs and, therefore, denies those allegations. As to the remainder of Paragraph 49, Defendant the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies those allegations.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          7.          Case No.  2:20-CV-05758-CBM-PJW

51.     Answering Paragraph 51 of the Complaint, Defendant denies that Plaintiff requested an MSA in June 2018.   As to the remainder of Paragraph 51, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

52.     Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein.

53.     Answering Paragraph 53 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations regarding Plaintiff's thoughts and feelings and, therefore, denies those allegations.   As to the remainder of Paragraph 53, Defendant denies the allegations contained therein.

54.     Answering Paragraph 54 of the Complaint, Defendant admits the allegations contained therein.

55.     Answering Paragraph 55 of the Complaint, Defendant admits that upon her return from maternity leave, Craig Lobdell was the account manager of the contract to which Plaintiff was assigned.   As to the remainder of Paragraph 55, Defendant denies the allegations contained therein.

56.     Answering Paragraph 56 of the Complaint, Defendant admits that Plaintiff was permitted to telework.   As to the remainder of Paragraph 56, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

57.     Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58.     Answering Paragraph 58 of the Complaint, Defendant admits that Ryan Liu discussed with Plaintiff potential compensation increases for Plaintiff, including a multi-step process that was intended to increase compensation as Plaintiff's experience and productivity in the Commercial account also increased.   As to the remainder of Paragraph 58, Defendant denies the allegations contained therein.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          8.          Case No.  2:20-CV-05758-CBM-PJW

59.     Answering Paragraph 59 of the Complaint, Defendant denies the allegations contained therein.

60.     Answering Paragraph 60 of the Complaint, Defendant admits that Ryan Liu discussed with Plaintiff potential compensation increases for Plaintiff, including a multi-step process that was intended to increase compensation as Plaintiff's experience and productivity in the Commercial account also increased.   As to the remainder of Paragraph 60, Defendant denies the allegations contained therein.

61.     Answering Paragraph 61 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, Defendant admits that Plaintiff did not receive a performance bonus in June or December 2018.   As to the remainder of Paragraph 62, Defendant denies the allegations contained therein.

63.     Answering Paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

64.     Answering Paragraph 64 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

65.     Answering Paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

66.     Answering Paragraph 66 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

67.     Answering Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68.     Answering Paragraph 68 of the Complaint, Defendant denies the allegations contained therein.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          9.          Case No.  2:20-CV-05758-CBM-PJW

69.     Answering Paragraph 69 of the Complaint, Defendant denies the allegations contained therein.

70.     Answering Paragraph 70 of the Complaint, Defendant admits that Sherri Farrell spoke with Plaintiff in or about January 2019 regarding certain concerns raised by Plaintiff.   As to the remainder of Paragraph 70, Defendant denies the allegations contained therein.

71.     Answering Paragraph 71 of the Complaint, Defendant admits that Ms. Farrell informed Plaintiff that Ms. Farrell would report Plaintiff's complaints to HR and that she would keep Plaintiff updated. As to the remainder of Paragraph 71, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

72.     Answering Paragraph 72 of the Complaint, Defendant denies the allegations contained therein.

73.     Answering Paragraph 73 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

74.     Answering Paragraph 74 of the Complaint, Defendant admits that Plaintiff shared with Jamey Dillon a concern, which did not regard alleged discrimination or a hostile work environment, that Mr. Dillon committed to look into the matter and that Mr. Dillon did so and followed up with Plaintiff. Defendant further admits that, nominally, Mr. Lobdell was to report to Mr. Dillon within the contract. As to the remainder of Paragraph 74, Defendant denies the allegations contained therein.

75.     Answering Paragraph 75 of the Complaint, Defendant admits that, at some point, Mr. Dillon and Mr. Liu asked Plaintiff if she were interested in the Project Manager position, that the position would involve working with the same team, other than Mr. Lobdell, and that Plaintiff did not make complaints to Mr. Dillon about gender discrimination or working in a hostile environment. As to the remainder of Paragraph 75, Defendant lacks sufficient information and belief upon which to admit or deny

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          10.          Case No.  2:20-CV-05758-CBM-PJW

1    Plaintiff's allegations and, therefore, denies the allegations contained therein.

2        76.        Answering Paragraph 76 of the Complaint, Defendant admits the

3    allegations contained therein.

4        77.        Answering Paragraph 77 of the Complaint, Defendant lacks

5    sufficient information and belief upon which to admit or deny Plaintiff's allegations

6    and, therefore, denies the allegations contained therein.

7        78.        Answering Paragraph 78 of the Complaint, Defendant lacks

8    sufficient information and belief upon which to admit or deny Plaintiff's allegations

9    and, therefore, denies the allegations contained therein.

10        79.        Answering Paragraph 79 of the Complaint, Defendant lacks

11    sufficient information and belief upon which to admit or deny Plaintiff's allegations

12    and, therefore, denies the allegations contained therein.

13        80.        Answering Paragraph 80 of the Complaint, Defendant lacks

14    sufficient information and belief upon which to admit or deny Plaintiff's allegations

15    and, therefore, denies the allegations contained therein.

16        81.        Answering Paragraph 81 of the Complaint, Defendant denies that

17    the only difference between Plaintiff and Dahlia Mihyar was that Plaintiff was a

18    working mother with family responsibilities and a disability.  Defendant admits that

19    Plaintiff began working with Defendant in 2011 and that Ms. Mihyar began working

20    with Defendant in July 2018.  As to the remainder of Paragraph 81, Defendant lacks

21    sufficient information and belief upon which to admit or deny Plaintiff's allegations

22    and, therefore, denies the allegations contained therein.

23        82.        Answering Paragraph 82 of the Complaint, Defendant admits that

24    Plaintiff said she wanted an increase in salary to take on the Project Manager position.

25    As to the remainder of Paragraph 82, Defendant denies the allegations contained

26    therein.

27        83.        Answering Paragraph 83 of the Complaint, Defendant admits that

28    Mr. Dillon informed Plaintiff that Ms. Farrell was not happy that Plaintiff used the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          11.          Case No.  2:20-CV-05758-CBM-PJW

1    information from the SAR report to complain about an alleged pay discrepancy.  As to

2    the remainder of Paragraph 83, Defendant denies the allegations contained therein.

3            84.     Answering Paragraph 84 of the Complaint, Defendant denies the

4    allegations contained therein.

5            85.     Answering Paragraph 85 of the Complaint, Defendant denies the

6    allegations contained therein.

7            86.     Answering Paragraph 86 of the Complaint, Defendant denies the

8    allegations contained therein.

9            87.     Answering Paragraph 87 of the Complaint, Defendant admits that

10   Plaintiff received a retention bonus of $10,000 in March 2019 and that she received a

11   performance bonus in June 2019.  As to the remainder of Paragraph 87, Defendant

12   denies the allegations contained therein.

13           88.     Answering Paragraph 88 of the Complaint, Defendant lacks

14   sufficient information and belief upon which to admit or deny Plaintiff's allegations

15   and, therefore, denies the allegations contained therein.

16           89.     Answering Paragraph 89 of the Complaint, Defendant denies the

17   allegations contained therein.

18           90.     Answering Paragraph 90 of the Complaint, Defendant denies the

19   allegations contained therein.

20           91.     Answering Paragraph 91 of the Complaint, Defendant admits that

21   Plaintiff signed a retention letter and transitioned to a new team in New Jersey.  As to

22   the remainder of the Paragraph 91, Defendant denies the allegations contained therein.

23           92.     Answering Paragraph 92 of the Complaint, Defendant denies the

24   allegations contained therein.

25           93.     Answering Paragraph 93 of the Complaint, Defendant admits that a

26   term of the retention bonus was continued employment.  As to the remainder of

27   Paragraph 93, Defendant lacks sufficient information and belief upon which to admit or

28   deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          12.          Case No.  2:20-CV-05758-CBM-PJW

94.     Answering Paragraph 94 of the Complaint, Defendant denies the allegations contained therein.

95.     Answering Paragraph 95 of the Complaint, Defendant admits that Mr. Markose communicated with Plaintiff regarding her compensation in or around April 2019. As to the remainder of Paragraph 95, Plaintiff denies the allegations contained therein.

96.     Answering Paragraph 96 of the Complaint, Defendant admits that Plaintiff received an out-of-cycle salary increase to $143,435 in May 2019.  As to the remainder of Paragraph 96, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

97.     Answering Paragraph 97 of the Complaint, Defendant denies the allegations contained therein.

98.     Answering Paragraph 98 of the Complaint, Defendant denies the allegations contained therein.

99.     Answering Paragraph 99 of the Complaint, Defendant admits that Plaintiff filed a complaint with the Ethics and Compliance department in or around June 2019.  As to the remainder of Paragraph 99, Defendant denies the allegations contained therein.

100.     Answering Paragraph 100 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

101.     Answering Paragraph 101 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

102.     Answering Paragraph 102 of the Complaint, Defendant admits that Plaintiff went out on medical leave on September 10, 2019. As to the remainder of Paragraph 102, Defendant lacks sufficient information and belief upon which to admit

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          13.          Case No.  2:20-CV-05758-CBM-PJW

or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

103.     Answering Paragraph 103 of the Complaint, Defendant admits that the Ethics and Compliance Department's investigation did not substantiate Plaintiff's complaints.   As to the remainder of Paragraph 103, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

104.     Answering Paragraph 104 of the Complaint, Defendant admits that the investigator informed Plaintiff that the matter was closed. As to the remainder of Paragraph 104, Plaintiff denies the allegations contained therein.

105.     Answering Paragraph 105 of the Complaint, Defendant admits that the investigator told Plaintiff that Defendant's internal investigations are treated as confidential and that, consistent with Defendant's process, the investigator was not able to provide Plaintiff with written findings of the investigation. As to the remainder of Paragraph 105, Defendant denies the allegations contained therein.

106.     Answering Paragraph 106 of the Complaint, Defendant denies that it did not interview key witnesses listed in Plaintiff's complaint.  As to the remainder of Paragraph 106, Defendant lacks sufficient information and belief upon which to admit or deny Plaintiff's allegations and, therefore, denies the allegations contained therein.

107.     Answering Paragraph 107 of the Complaint, Defendant admits that Plaintiff received notice in or about December 2019 that she would receive a salary increase to $167,300 that would be effective upon her return from leave.  As to the remainder of Paragraph 107, Defendant denies the allegations contained therein.

108.     Answering Paragraph 108 of the Complaint, Defendant admits that it underwent a reorganization and that Plaintiff's job title changed as a result.  As to the remainder of Paragraph 108, Plaintiff denies the allegations contained therein.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          14.          Case No.  2:20-CV-05758-CBM-PJW

1      **Booz Allen's Pay and Promotion Structure**

2         109.       Answering Paragraph 109 of the Complaint, Defendant admits that

3 there was no female Principal in Enterprise Information Services from 2012-2018.  As

4 to the remainder of Paragraph 109, Defendant denies the allegations contained therein.

5         110.       Answering Paragraph 110 of the Complaint, Defendant denies the

6 allegations contained therein.

7         111.       Answering Paragraph 111 of the Complaint, Defendant denies the

8 allegations contained therein.

9         112.       Answering Paragraph 112 of the Complaint, Defendant admits the

10 allegations contained therein.

11         113.       Answering Paragraph 113 of the Complaint, Defendant admits the

12 allegations contained therein.

13         114.       Answering Paragraph 114 of the Complaint, Defendant denies the

14 allegations contained therein.

15         115.       Answering Paragraph 115 of the Complaint, Defendant admits the

16 allegations contained therein.

17         116.       Answering Paragraph 116 of the Complaint, Defendant admits the

18 allegations contained therein.

19         117.       Answering Paragraph 117 of the Complaint, Defendant admits the

20 allegations contained therein.

21         118.       Answering Paragraph 118 of the Complaint, Defendant admits the

22 allegations contained therein.

23         119.       Answering Paragraph 119 of the Complaint, Defendant denies the

24 allegations contained therein.

25         120.       Answering Paragraph 120 of the Complaint, Defendant denies the

26 allegations contained therein.

27         121.       Answering Paragraph 121 of the Complaint, Defendant denies the

28 allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT       15.       Case No.  2:20-CV-05758-CBM-PJW

## COUNT I: GENDER DISCRIMINATION

### Title VII, 42 U.S.C. § 2000e

122.	Answering Paragraph 122 of the Complaint, Defendant incorporates herein by reference each and every response it made in the Paragraphs above, inclusive, as though fully set forth herein.

123.	Answering Paragraph 123 of the Complaint, Defendant denies the allegations contained therein.

124.	Answering Paragraph 124 of the Complaint, Defendant denies the allegations contained therein.

125.	Answering Paragraph 125 of the Complaint, Defendant denies the allegations contained therein.

126.	Answering Paragraph 126 of the Complaint, Defendant denies the allegations contained therein.

127.	Answering Paragraph 127 of the Complaint, Defendant denies the allegations contained therein.

128.	Paragraph 128 of the Complaint contains a statement reflecting Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To the extent a response is permitted, Defendant denies that Plaintiff is entitled to punitive damages or any other relief or remedy.

### COUNT II: RETALIATION

### TITLE VII, 42 U.S.C. § 2000e

### (As to Plaintiff Pupa)

129.	Answering Paragraph 129 of the Complaint, Defendant incorporates herein by reference each and every response it made in the Paragraphs above, inclusive, as though fully set forth herein.

130.	Answering Paragraph 130 of the Complaint, Defendant denies the allegations contained therein.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          16.          Case No.  2:20-CV-05758-CBM-PJW

1    131.        Answering Paragraph 131 of the Complaint, Defendant denies the

2    allegations contained therein.

3    132.        Answering Paragraph 132 of the Complaint, Defendant denies the

4    allegations contained therein.

5    133.        Answering Paragraph 133 of the Complaint, Defendant denies the

6    allegations contained therein.

7    134.        Answering Paragraph 134 of the Complaint, Defendant denies the

8    allegations contained therein.

9    135.        Answering Paragraph 135 of the Complaint, Defendant denies the

10   allegations contained therein.

11   136.        Paragraph 136 of the Complaint contains a statement reflecting

12   Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To

13   the extent a response is permitted, Defendant denies that Plaintiff is entitled to punitive

14   damages or any other relief or remedy.

15   ## COUNT III: DISCRIMINATORY WAGES

16   ### Equal Pay Act, 29 U.S.C. § 206(d)

17   137.        Answering Paragraph 137 of the Complaint, Defendant incorporates

18   herein by reference each and every response it made in the Paragraphs above, inclusive,

19   as though fully set forth herein.

20   138.        Answering Paragraph 138 of the Complaint, Defendant denies the

21   allegations contained therein.

22   139.        Answering Paragraph 139 of the Complaint, Defendant denies the

23   allegations contained therein.

24        The unnumbered paragraph below Paragraph 139 of the Complaint

25   contains a statement reflecting Plaintiff's prayer for relief, not allegations of fact, and

26   thus no response is required.  To the extent a response is permitted, Defendant denies

27   that Plaintiff is entitled to damages or any other relief or remedy.

28   ///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT            17.            Case No.  2:20-CV-05758-CBM-PJW

## COUNT IV: RETALIATION

### Equal Pay Act, 29 U.S.C. § 206(d)

140.     Answering Paragraph 140 of the Complaint, Defendant incorporates herein by reference each and every response it made in the Paragraphs above, inclusive, as though fully set forth herein.

141.     Answering Paragraph 141 of the Complaint, Defendant denies the allegations contained therein.

142.     Answering Paragraph 142 of the Complaint, Defendant denies the allegations contained therein.

143.     Answering Paragraph 143 of the Complaint, Defendant denies the allegations contained therein.

144.     Paragraph 144 of the Complaint contains a statement reflecting Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To the extent a response is permitted, Defendant denies that Plaintiff is entitled to damages or any other relief or remedy.

145.     Answering Paragraph 145 of the Complaint, Defendant denies the allegations contained therein.

146.     Answering Paragraph 146 of the Complaint, Defendant denies the allegations contained therein.

147.     Paragraph 147 of the Complaint contains a statement reflecting Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To the extent a response is permitted, Defendant denies that Plaintiff is entitled to damages or any other relief or remedy.

///

///

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT        18.        Case No.  2:20-CV-05758-CBM-PJW

## COUNT V: DISCRIMINATORY WAGES

## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT

## AND HOUSING ACT

GENDER DISCRIMINATION California Government Code § 12940, et seq.

148. Answering Paragraph 148 of the Complaint, Defendant incorporates herein by reference each and every response it made in the Paragraphs above, inclusive, as though fully set forth herein.

149. Answering Paragraph 149 of the Complaint, Defendant denies the allegations contained therein.

150. Answering Paragraph 150 of the Complaint, Defendant denies the allegations contained therein.

151. Answering Paragraph 151 of the Complaint, Defendant denies the allegations contained therein.

152. Answering Paragraph 152 of the Complaint, Defendant denies the allegations contained therein.

153. Answering Paragraph 153 of the Complaint, Defendant denies the allegations contained therein.

154. Answering Paragraph 154 of the Complaint, Defendant denies the allegations contained therein.

155. Paragraph 155 of the Complaint contains a statement reflecting Plaintiff's prayer for relief, not allegations of fact, and thus no response is required. To the extent a response is permitted, Defendant denies that Plaintiff is entitled to attorneys' fees or any other relief or remedy.

## COUNT VI:

## VIOLATION OF THE CALIFORNIA EQUAL PAY ACT

## California Labor Code § 1197.5, et seq.

156. Answering Paragraph 156 of the Complaint, Defendant incorporates herein by reference each and every response it made in the Paragraphs above, inclusive,

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          19.          Case No. 2:20-CV-05758-CBM-PJW

1   as though fully set forth herein.

2          157.     Answering Paragraph 157 of the Complaint, Defendant denies the

3   allegations contained therein.

4          158.     Answering Paragraph 158 of the Complaint, Defendant denies the

5   allegations contained therein.

6          159.     Answering Paragraph 159 of the Complaint, Defendant denies the

7   allegations contained therein.

8          160.     Answering Paragraph 160 of the Complaint, Defendant denies the

9   allegations contained therein.

10          161.     Answering Paragraph 161 of the Complaint, Defendant denies the

11   allegations contained therein.

12          162.     Answering Paragraph 162 of the Complaint, Defendant denies the

13   allegations contained therein.

14          163.     Paragraph 163 of the Complaint contains a statement reflecting

15   Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To

16   the extent a response is permitted, Defendant denies that Plaintiff is entitled to

17   liquidated damages or any other relief or remedy.

18          164.     Paragraph 164 of the Complaint contains a statement reflecting

19   Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To

20   the extent a response is permitted, Defendant denies that Plaintiff is entitled to penalties

21   or any other relief or remedy.

22          165.     Paragraph 165 of the Complaint contains a statement reflecting

23   Plaintiff's prayer for relief, not allegations of fact, and thus no response is required.  To

24   the extent a response is permitted, Defendant denies that Plaintiff is entitled to

25   attorneys' fees or any other relief or remedy.

26                          **PRAYER FOR RELIEF**

27          The Prayer for Relief contains argument and conclusions of law, not

28   allegations of fact, and thus no response is required. However, to the extent a response

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          20.          Case No.  2:20-CV-05758-CBM-PJW

is permitted, Defendant generally and specifically denies each and every allegation contained therein, denies that Plaintiff was damaged in any manner by Defendant's conduct, and further denies that Plaintiff is entitled to damages, penalties, interest, or attorneys' fees or costs, or any other relief or remedy.

## **SEPARATE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

1.     Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2.     Plaintiff's claim for punitive damages is barred to the extent she has failed to state her claim with the requisite specificity.

3.     Plaintiff's claims under the FEHA are barred to the extent she failed to exhaust her administrative remedies.

4.     Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in part on discriminatory grounds (which Defendant DENIES), Defendant would have reached the same decision absent any alleged discrimination, and/or to the extent any discriminatory ground was not a substantial motivating factor in Defendant's decision.

5.     To the extent Plaintiff seeks recovery for her alleged emotional and/or physical damages, such claims and damages are preempted by her exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code sections 3600 *et seq.*

6.     Plaintiff is barred from recovery, in whole or in part, to the extent she has failed to mitigate her alleged damages.

7.     Plaintiff's claims are barred to the extent that her damages were caused by her own intentional and/or negligent acts and/or omissions.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT                21.                Case No.  2:20-CV-05758-CBM-PJW

8.      If Plaintiff has suffered any emotional distress (which Defendant DENIES), Plaintiff's recovery is barred to the extent that her emotional distress was proximately caused by factors other than her employment and/or the actions of Defendants or anyone acting on their behalf.

9.      To the extent Plaintiff suffered any emotional distress as a result of any conduct undertaken by Defendant, or anyone acting on Defendant's behalf (which Defendant DENIES), such conduct was beyond the course and scope of said agent's employment, and specifically contrary to and in disregard of Defendant's interest.

10.     Defendant had suitable anti-discrimination policies in effect at all times material to the allegations in Plaintiff's Complaint, and that Plaintiff's claims are barred to the extent she unreasonably failed to take advantage of such policies and to otherwise avoid her alleged harm.

11.     Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

12.     Any imposition of punitive damages violates Defendant's Constitutional rights and any actions they conducted, or any actions taken on their behalf, were not done with malice, oppression, or fraud.

13.     Defendant is not vicariously liable for any act or omission of any person, by way of respondeat superior, agency, or otherwise.

14.     Assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant DENIES), Defendant neither knew nor reasonably should have known of said unlawful conduct.

15.     Plaintiff's claims are barred, either in whole or in part, to the extent that the equitable doctrines of laches, unclean hands, waiver, and/or estoppel apply.

16.     Plaintiff's claims are barred, either in whole or in part, to the extent she seeks equitable relief because there is an adequate remedy at law.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          22.          Case No.  2:20-CV-05758-CBM-PJW

17.     Plaintiff's claims are barred, either in whole or in part, to the extent she seeks injunctive relief because Defendant has discontinued the alleged wrongful conduct, if any, and it is not likely to recur.

18.     Plaintiff's claims are barred, either in whole or in part, because their actions with respect to Plaintiff's employment were taken with proper managerial discretion and/or justified by legitimate and substantial business reasons and were therefore protected by the managerial privilege.

19.     Plaintiff's claims are barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

20.     Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

## <u>RESERVATION OF ADDITIONAL DEFENSES</u>

Defendant alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved.  In addition, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

## <u>PRAYER</u>

WHEREFORE, Defendant prays that:

1.     Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by virtue of this action;

2.     Defendant be awarded attorneys' fees and costs of suit incurred herein; and

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          23.          Case No.  2:20-CV-05758-CBM-PJW

1     3.     For such other and further relief as the Court deems just and proper.

2   Dated:   December 14, 2020

3

4                                          /s/ *Britney N. Torres*

5                                          BRITNEY N. TORRES
                                           JOHN H. ADAMS, JR.

6                                          LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant

7                                          BOOZ ALLEN HAMILTON, INC.

8   4834-8172-1556.1 070101.1067

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO COMPLAINT          24.          Case No.  2:20-CV-05758-CBM-PJW